**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **NO. 1:25-CR-00069** |
| | : | |
| **vs.** | : | |
| | : | |
| **JOHN J. GALLAGHER** | : | |

**MR. GALLAGHER'S REPLY TO GOVERNMENT'S OPPOSITION TO RECONSIDERATION OF THE COURT'S ORDER REGARDING DIGITAL EVIDENCE**[1]

Mr. Gallagher agrees with the Government on one fact: he doesn't understand the Government's position. Mr. Gallagher readily admits that he does not understand how the United States Government can try to hoodwink this Honorable Court into finding that they did not search all of Mr. Olson's devices. He further does not understand how the Government steadfastly maintains that the 4th Amendment applies to Mr. Gallagher when he clearly has no

[1] Mr. Gallagher most respectfully submits that the Government's attempt to argue that his Motion to Reconsider is inappropriately filed and not sanctioned in D.C. is patently unfair. Respectfully, if the Court recalls, on July 7th, 2026 legal argument was made of record. At the end of the hearing, the Court directed the Government to file affidavits supporting its position within seven (7) days. *See* July 7, 2026 Hearing Transcript at p. 52, lines 12-25. The Court, on the record, indicated that after the Government produced the materials, Mr. Gallagher would have seven (7) days to respond. *See* July 7, 2026 Hearing Transcript, p. 52, line 25.

The Government then sought and was granted an extension. *See* ECF 166 and ECF 167. On July 21, 2026 the Government filed their affidavits. *See* ECF 172 and Exhibit A – MOA and Attachment. The affidavits submitted by the Government provided facts – that all of the Olson materials were searched – that had not been made of record before July 21, 2026. One day later, on July 22, 2026, without having given Mr. Gallagher an opportunity to respond to the new proffered facts, the Court issued its Order. *See* ECF 176.

Mr. Gallagher most respectfully submits that, had the Court given Mr. Gallagher the opportunity to respond, he would have done so and a Motion to Reconsider would not have been necessary. He further submits that to deny his motion to reconsider argument on a procedural technicality that was not his making would be a miscarriage of justice.

reasonable expectation of privacy in the materials searched and, to the extent any such right exists, has explicitly waived the same.

The Government is trying to mislead this Honorable Court into believing that up is down, down is Tuesday, and that searching Mr. Olson's materials doesn't count as searching his materials because they didn't do their constitutionally required duty of scoping the materials. While the Government tries to complicate and obfuscate the issue by muddying the waters with technical jargon, the truth is straightforward. The Government searched Mr. Olson's data. They did not do what the law required by scoping the materials.[2] But there is no question that **the government searched Mr. Olson's materials**.

When what the government did is put into an "old school" analogy, the correct result becomes crystal clear. Imagine that pursuant to a valid search warrant, the government seized a box that contained many volumes of business records. Shortly after the search, the government tasked an agent with going through the box looking for a certain entry/document. The agent did so and recovered a number of entries/documents of relevance from the box. However, the Government never catalogued or indexed the box and then left it untouched in a storeroom. There would be no legitimate argument that, simply because the Government didn't do its duty of indexing and segregating the materials at the time of the search, years later a defendant would be prohibited from seeing what was in box that the government searched.[3]

---

[2] "Scoping" is just the modern technical term for segregating non-responsive data from responsive data.

[3] Mr. Gallagher also readily admits to the Government's averment that he has not cited a case on point. Mr. Gallagher has not found a case in the history of the United States of America wherein the government has suggested that searching a computer/data is not searching a computer/data nor has he found a reported case wherein the government suggested that it could use the 4th Amendment to deny a defendant – who has no 4th Amendment right – relevant discovery.

The government's dereliction of their duty to scope Mr. Olson's materials at the time of the search does not relieve them of the duty of providing the same to Mr. Gallagher.[4] He

[4] It was Mr. Gallagher's goal to keep this reply brief. However, as he has argued in the past, while the government may be entitled to its opinion, it is not entitled to alternative facts.

The Government accuses Gallagher of "misleadingly" failing to acknowledge that four devices were "separately filtered, scoped, and produced in discovery." Gov't Opp. at 6. Mr. Gallagher has not overlooked those devices. To the contrary, the Government's treatment of those devices exposes two fundamental problems with its present position: first, the four devices were not scoped to separate data responsive to Attachment B from data outside the warrant; and second, although Mr. Gallagher's phone underwent an extensive attorney-client privilege review, the government produced materials expressly identified as privileged despite that review.

Mr. Gallagher and his counsel spent many months reviewing his communications and identifying attorney-client privileged materials. That was a privilege-filter process—not a review for responsiveness under Attachment B. The government's own terminology confirms the distinction. In its original Notice, the government defined "unfiltered" material as material that had not undergone a process "to identify and segregate potentially privileged materials." ECF No. 110 at 1 n.1. "Filtering," as the government used that term in the August 2025 Protocol, concerned narrowing for privilege. "Scoping," as the government now uses it, concerns whether material falls within Attachment B. They are separate processes serving separate purposes.

The government's production failed on both fronts. First, the four devices were not meaningfully scoped for responsiveness to Attachment B. The discovery produced from those devices contains thousands of plainly personal and facially nonresponsive materials (e.g. family photos and messages) with no apparent connection to the offenses, subjects, or evidentiary categories specified in the warrant. Additionally, as we pointed out in an earlier filing, with respect to Mr. Olson's devices, the government turned over a number of Olson sex videos and photographs. Those materials were nevertheless produced to every defendant. Their inclusion directly undermines the government's assertion that the four devices had been "scoped" to segregate data within Attachment B from data outside the warrant. Second, the government did not even honor the privilege-filter process that indisputably occurred. The production from Mr. Gallagher's phone includes documents and communications that Mr. Gallagher and his counsel expressly identified as attorney-client privileged in the Gallagher Filter Log. The government produced those materials to every defendant despite the completed privilege process.

These facts make the government's present position untenable. It now argues that the remaining Olson devices cannot be produced because they have not been scoped for responsiveness. But the government already produced four devices that likewise were not scoped for responsiveness, as demonstrated by the thousands of personal, nonresponsive materials included in those productions. And with respect to Mr. Gallagher's phone, the government proceeded with production without even implementing the results of the privilege review that had actually been completed. While Mr. Gallagher will not gum up this filing by producing the files, if the Court orders a hearing – or orders Mr. Gallagher to produce the documents – he will certainly do so.

The government cannot have it both ways. It cannot produce four devices without limiting the production to Attachment B-responsive data—and disregard the completed privilege review of Mr. Gallagher's phone—yet invoke the lack of scoping as a categorical barrier to producing the remaining Olson

therefore prays that the Court will grant the relief sought in his Motion to Reconsider.[5] In the alternative, he prays that the Court order an evidentiary hearing such that a full and complete record can be made.[6]

Respectfully submitted,

*/s/ Michael J. Diamondstein*
**Michael J. Diamondstein**
**Counsel for John J. Gallagher**
Michael J. Diamondstein, P.C.
Suite 1815
Two Penn Center Plaza
15th & John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 940-2700
mjd@michaeldiamondstein.com

*/s/ Joan D. Gallagher*
**Joan D. Gallagher**
**Counsel for John J. Gallagher**
Joan Gallagher Law, P.C.
1600 Market Street
Suite 1320
Philadelphia, PA 19103
(215) 963-1555
joanie@gallagher-law.com

evidence. Its own prior conduct demonstrates that Attachment B scoping was not treated as a prerequisite to production.

[5] As of the filing of the within motion, Mr. Gallagher is not in possession of a document number for the Motion to Reconsider. Due to the information contained in the filing, the document was filed electronically but with a request to be placed under seal. To the best of Mr. Gallagher's information and belief, the document has not been docketed publicly.

[6] While Mr. Olson and the representative of Theia/Brevet have agreed for the time being to preserve the materials, once this issue is settled, they will be destroyed. As such, if the Court's order remains, he intends to seek leave to file an interlocutory appeal.

*/s/ Stephen P. Patrizio*

**Stephen P. Patrizio**
**Counsel for John J. Gallagher**
Law Office of Stephen P. Patrizio
2 Penn Center, Suite 1205
1500 JFK Boulevard
Philadelphia, PA 19102
(215) 569-2121
spatrizio@lawpatrizio.com

## CERTIFICATE OF SERVICE

On this **14th** day of **August, 2026,** Michael J. Diamondstein, Joan D. Gallagher, and Stephen P. Patrizio, being duly sworn according to law, hereby certify that a true and correct copy of this document was served upon the following individuals in the manner specified:

**The Honorable Royce C. Lambert**
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001
**VIA ECF**

**Clerk's Office**
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001
**VIA ECF**

**Sarah Ranney, AUSA**
**Alexis Hughes, AUSA**
**Rebecca Ross, AUSA**
U.S. Attorney's Office for the District of Columbia
601 D St NW
Washington, DC 20004
**VIA ECF**

*/s/ Michael J. Diamondstein*
**MICHAEL J. DIAMONDSTEIN**
**Counsel for John J. Gallagher**

*/s/ Joan D. Gallagher*
**JOAN D. GALLAGHER**
**Counsel for John J. Gallagher**

*/s/ Stephen P. Patrizio*
**STEPHEN P. PATRIZIO**
**Counsel for John J. Gallagher**