**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**ERLEND OLSON et al.**<br><br>**Defendants.** | **Criminal No. 25-69-RCL** |

**CONSENTED-TO MOTION FOR ENTRY OF AN**
**ORDER ADOPTING AN AMENDED SECOND PRIVILEGE PROTOCOL**

The United States of America, by and through undersigned counsel, hereby respectfully moves the Court for the entry of an order incorporating the terms of an Amended Second Privilege Protocol relating to a limited set of materials previously withheld from discovery on an assertion of potential privilege by the receiver who produced documents on behalf of Theia Group Inc. ("Theia"). A Proposed Order Adopting the Amended Second Privilege Protocol is attached. The Amended Second Privilege Protocol will streamline the discovery and potential privilege assertions in this case by allowing defendants to review the previously withheld materials and make determinations about any documents they wish to use in their defense case, then litigate the potential privilege issues with respect to those particular documents. In support of this motion, the undersigned counsel state as follows:

1. On October 29, 2021, Theia was ordered into receivership by Judge Castel in the Southern District of New York. *See FCS Advisors, LLC v. Theia Group, Inc.*, 2021-CV-06995 (S.D.N.Y 2021).

2. The receiver accepted service of grand jury subpoenas as custodian of records for Theia and began producing responsive documents. The receiver identified approximately 12,838 potentially privileged items and withheld them from production to the government (the "Previously Withheld Filter Materials," or "PWFM"). The receiver logged each item on a privilege log, identifying the item and the basis for the privilege assertion, and the log was eventually provided to Defendants in discovery.

3. In August 2023, when the receiver began winding down its role, the receiver transmitted the PWFM to the government's filter team. The PWFM has never been accessed or viewed by the government's prosecution team, nor has it been produced in discovery to any defendant.

4. Two years later, in 2025, Brevet Capital Management LLC/LTS Systems, LLC ("Brevet/LTS") acquired from the receivership estate of Theia and pursuant to a court-approved auction and asset purchase agreement the tangible assets of Theia. *See FCS Advisors*, 2021-CV-06995, ECF 509 (enforcing the sale and asset purchase agreement).

5. Counsel for Brevet/LTS asserts that Brevet/LTS holds Theia's privilege, which is still intact, and does not intend to waive it. Nevertheless, in order to streamline discovery and resolution of potential privilege disputes, Brevet/LTS has agreed to entry of a privilege protocol so that the PWFM may be produced to defendants. Specifically, since there is already a Court-Ordered Privilege Protocol governing discovery of privileged materials in this case, *see* ECF Nos. 61, 63, the parties and Brevet/LTS propose entry of an Amended Second Privilege Protocol[1]

[1] On agreement of the parties, on June 23, 2026, the government moved for a Second Privilege Protocol regarding the PWFM over Defendant Olson's objection (but with the agreement of Defendants Gallagher, Buscher, and Swati). *See* ECF No. 154. Since that time, Defendant Olson

which, among other things, includes a mechanism for each Defendant to attempt to use PWFM after identifying the privilege holder and giving him/her notice and a reasonable opportunity to assert privilege and litigate any disputed assertion of privilege.

6. Defendant Olson contends that some of the materials within the PWFM contain materials for which he has a valid assertion of privilege and has requested that this subset of materials (the "Olson Subset") be withheld from this Amended Second Privilege Protocol. A list of the document identification numbers comprising the Olson Subset is appended to the Amended Second Privilege Protocol.

7. Defendants do not oppose this motion, consent to the entry of the attached Order Adopting Second Privilege Protocol and have signed on to the Amended Second Privilege Protocol. However, as an express condition of their consent and signing, they assert that their consent and signing is not an agreement that (a) Brevet/LTS holds Theia's privilege, or that (b) Theia's privilege is intact; and/or (c) that each defendant maintains that their agreement to the within protocol is not a waiver of any attorney-client privilege pursuant to Federal Rule of Evidence 502(d).

8. Further, with respect to the Olson Subset, Defendants and the government agree that (a) the Olson Subset will only be provided to Defendant Olson, and that he in turn will share the Olson Subset with the other defendants only to the extent each agrees to enter into a limited common interest privilege agreement related to sharing of the Olson Subset; and (b) Defendants

---

has agreed to the entry of this Amended Second Privilege Protocol. By entry of this filing, the parties respectfully request that the Court deny as moot the motion for entry of the Second Privilege Protocol.

and the government agree that provision of the Olson Subset and entry into a limited common interest privilege agreement does not constitute either an agreement that the materials are privileged, or a waiver of privilege by any party.[2]

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court grant this motion and enter the Order Adopting a Second Privilege Protocol.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney
N.Y. Bar No. 1387455

/s/
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
Office: (202) 252-7051

[2] The Olson Subset are not being provided to Defendants pursuant to this Amended Second Privilege Protocol, but terms related to the Olson Subset are included in this motion and in the Amended Second Privilege Protocol to memorialize the negotiated terms giving rise to this consented-to Amended Second Privilege Protocol.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**ERLEND OLSON et al.**<br><br>**Defendants.** | **Criminal No. 25-69-RCL** |

**[PROPOSED] ORDER ADOPTING AMENDED SECOND PRIVILEGE PROTOCOL**

To expedite the flow of discovery material between the parties and adequately protect Potentially Privileged Materials with the consent of the government and Defendants Olson, Gallagher, Buscher, and Swati, it is ORDERED that the Amended Second Privilege Protocol attached hereto be ENTERED and that it govern the discovery and use of Previously Withheld Filter Materials in this criminal case.

SO ORDERED this _____ day of __________, 2026.

______________________________________

THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

**AMENDED SECOND PRIVILEGE PROTOCOL**

Defendants Erlend Olson, John Gallagher, Stephen Buscher, and Jamil Swati and the United States of America hereby agree to the following Amended Second Privilege Protocol (hereinafter "Protocol"):

1. This Protocol relates to approximately 12,838 potentially privileged items identified pursuant to grand jury subpoenas issued during the investigation and prosecution of the Defendants and others in the matter of *United States v. Erlend Olson et al.*, 25-CR-69 (RCL).

2. This Protocol is intended to apply in addition to the Privilege Protocol previously entered by the Court after consented-to motion by the government. *See* ECF Nos. 61, 63.

3. This Protocol is entered based on the following representations by the Government:

   a. As part of the investigation of this case, Theia's receiver[3] produced materials pursuant to grand jury subpoenas. The receiver identified approximately 12,838 potentially privileged items and withheld them from production to the government (the "Previously Withheld Filter Materials" or "PWFM"). The receiver logged each item on a privilege log, identifying the item and the basis for the privilege assertion. The log was produced to Defendants in discovery in October 2025.

   b. Eventually, when the receiver began winding down its role, the receiver transmitted the PWFM to the government's filter team.

[3] On October 29, 2021, Theia was ordered into receivership by Judge Castel in the Southern District of New York. *See FCS Advisors, LLC v. Theia Group, Inc.*, 2021-CV-06995 (S.D.N.Y 2021). The receiver accepted service of grand jury subpoenas as custodian of records for Theia and began producing responsive documents.

c. In August 2023, the receiver transmitted the PWFM to a filter database separate from the rest of the case materials (the "Filter Database"). The law enforcement investigators and prosecutors investigating and prosecuting the case (collectively, the "Prosecution Team") do not have access to the Filter Database. The Filter Database is administered by a team of attorneys and litigation support personnel (the "Filter Team") who are not members of the Prosecution Team.

d. In 2025, Brevet Capital Management LLC/LTS Systems, LLC ("Brevet/LTS") acquired the tangible assets of Theia—including all books, records, electronic files, computer files, intellectual property assets, and the attorney-client and other privileges and protections then held by Theia or exercised by the receiver—from the receivership estate of Theia, pursuant to a court-approved auction and asset purchase agreement.

e. Defendants Buscher, Gallagher, and Olson have moved to compel the Filter Team to produce the PWFM on an assertion that Theia's privilege is no longer viable. Brevet/LTS asserts that the privilege is still viable and that it is the privilege holder.

f. Rather than litigate the issue for the entirety of the 12,838 document set, the Government, Brevet/LTS, and Defendants have agreed to entry of this Protocol, and hold their motion to compel in abeyance, so that the PWFM may be produced to Defendants for review and potential use in the case, subject to the procedures outlined below, with privilege assertions and issues litigated on a document-by-

document basis for only those documents Defendantsintend to use in preparation of their defense.

g. Based on header data (that is, non-content information about the PWFM contained in the privilege log), Defendant Olson has identified a subset of the PWFM over which he believes he has a valid privilege assertion (the "Olson Subset"). A list of the document identification numbers comprising the Olson Subset is attached to this Protocol as Appendix A. Rather than litigate the propriety of this assertion and whether it may preclude the other defendants from having the Olson Subset of PWFM, Defendants have agreed that the Olson Subset will only be produced to Defendant Olson, and that he will in turn produce the Olson Subset to any other defendant who enters into a limited common interest privilege agreement related to the documents. Defendants and the government agree that this arrangement does not constitute either an agreement that the materials are privileged, or a waiver of privilege by any party.

4. Brevet/LTS's entry into the Protocol and agreement to production of the PWFM to Defendants do not constitute a waiver of any evidentiary privilege that may attach to any of the materials or information.

5. Defendants' entry into this Protocol and agreement to abide by the procedures related to privilege assertions do not constitute (a) an admission that Brevet/LTS is the privilege holder for Theia or that Theia's privilege is still viable, or (b) a waiver of the right to argue in future proceedings that Brevet/LTS does not hold Theia's privilege, and/or that Theia's privilege is not viable, or any other related arguments.

6. The PWFM are materials for which a privilege assertion has already been made by Theia and may contain materials for which another potential privilege holder may assert privilege, including the attorney-client privilege. Defendants and their attorneys agree to carefully review these materials within 120 days of receipt to determine whether they wish to use any of them in preparation of their defense.

7. At or before the end of the 120-day period, upon identifying any item in the PWFM that a Defendant or his attorney wishes to use in the preparation of his defense, each Defendant and his attorneys agree to take the following steps:

a. Identify the Potential Privilege Holder ("PPH") or multiple PPHs for each item, including Brevet/LTS, which must be identified and noticed as a PPH;

b. Provide each PPH with notice and a reasonable opportunity (defined as 14 days, unless otherwise agreed upon, or a shorter period is necessary for identifiable reasons) to make a privilege assertion, waive privilege, or confirm that the item is not privileged;

c. If the PPH makes a privilege assertion, the Defendant must within a reasonable period (defined as 14 days, unless otherwise agreed upon, or a shorter period is necessary for identifiable reasons):

   i. Agree to redact the item pursuant to the PPH's directions or cease review and use of the item; or

   ii. Make an application to the Court to litigate the assertion of privilege by the PPH. Any potentially privileged materials must be filed under seal unless and until privilege is determined not to apply.

d. If any Defendant determines that he will make an application to the Court, he may provide notice to the other Defendants joining this Protocol of the PWFM he intends to use, so that Defendants may make joint requests of PPHs and applications to the Court.

e. At the end of the 120-day period, Defendants must destroy (and confirm destruction) of all PWFM they have not decided to use pursuant to the procedures set forth in (c)(i)-(ii) of this paragraph. At the conclusion of any litigation regarding assertions of privilege, if the Court determines that any materials are privileged, Defendants agree to cease review and use of those materials and destroy (and confirm destruction) of the same.

8. Although Defendants will be receiving the PWFM , the Prosecution Team will not. Defendants agree to provide the Government with notice, identifying the relevant PPH and number of documents, when any PWFM is deemed not privileged—including through PPH determination or litigation—or over which privilege is waived. The Government may request the non-privileged material from the PPH and/or Defendants. Defendants also agree to provide the Government with any PWFM any of them intends to introduce into evidence at trial, in accordance with any deadlines set by the Court for production of trial exhibits. For any PWFM identified as a trial exhibit by Defendants , the Government will contact the PPH to confirm that privilege was waived or that they concur the item was not privileged in the first instance. If the PPH disagrees with the determination of the Defendant that the item is not privileged and the issue was not litigated in accordance with Paragraph 4(b)(iii)(2), the party planning to offer the evidence shall make an application to the Court to litigate the assertion of privilege by the PPH.

9. Defendants agree not to review or use PWFM outside of the procedures set forth in this Protocol.

10. The procedures set forth in this Protocol govern the use of PPM by Defendants in relation to any privilege holder identified in the materials they receive in discovery, regardless of whether the privilege holder has been identified at the time of entry of this Protocol, or whether the privilege holder has signed onto this Protocol.

11. The Filter Team will not be involved in any review or promotion of any PWFM, or other activities pursuant to this Protocol.

The undersigned consent to this Protocol and entry of an Order by the Court to incorporate its terms:

JEANINE FERRIS PIRRO
United States Attorney

By: /s/
Bekah Ross (N.Y. Bar No. 5590666)
Jolie Zimmerman (D.C. Bar No. 465110)
Sarah Ranney (N.Y. Bar No. 5050919)
Assistant United States Attorneys
U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
Sarah.ranney@usdoj.gov

/s/
Alexis Hughes (D.C. Bar No. 90017487)
Criminal Division, Tax Section
Alexis.hughes@usdoj.gov

ATTORNEYS FOR THE GOVERNMENT

By: *_____________/s/_______________*

NICOLE SPRINZEN
Cozen O'Connor
2001 M Street NW, Suite 500
Washington, D.C. 20036

ATTORNEY FOR BREVET CAPITAL MANAGEMENT LLC/LTS SYSTEMS, LLC

By: *_____________/s/_______________*

BARRY COBURN
1710 Rhode Island Ave. NW
Washington, DC 20036

By: *_____________/s/_______________*

MICHAEL J. DIAMONDSTEIN
Two Penn Center Plaza, Suite 900
Philadelphia, PA 19102

ATTORNEY FOR DEFENDANT GALLAGHER

By: *_____________/s/_______________*

WHITNEY ELLERMAN
Ellerman, Enzinna, Levy PLLC
1050 30th Street NW
Washington, DC 20007

ATTORNEY FOR DEFENDANT BUSCHER

By: *_____________/s/_______________*

MAX NICHOLAS
40 Exchange Place, 18th Floor
New York, NY 10005

ATTORNEY FOR DEFENDANT SWATI